IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEVO, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. |
| BUTAMAX(TM) ADVANCED BIOFUELS | ) |
| LLC, a Delaware limited liability company, | ) JURY TRIAL DEMANDED |
| and E.I. DUPONT DE NEMOURS AND CO., | ) |
| a Delaware corporation, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Gevo, Inc. ("Gevo"), by its attorneys, for its Complaint against Defendants Butamax (TM) Advanced Biofuels LLC's ("Butamax") and E.I. DuPont de Nemours and Co. ("DuPont"), alleges as follows:

## THE PARTIES

1.  Gevo is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Englewood, Colorado.

2.  Butamax is a limited liability corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Wilmington, Delaware. Butamax is jointly owned by DuPont and B.P. p.l.c. ("BP").

3.  DuPont is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Wilmington, Delaware.

4.  On information and belief, Butamax was formed in July 2009 for the purpose of commercializing technology that BP and DuPont have been jointly developing since 2004.

5.  On information and belief, individuals employed by DuPont engage in research

and development activities related to the subject matter of this action.

6. On information and belief, Butamax engages in research and development related to the subject matter of this action using facilities located in the DuPont Experimental Station.

7. On information and belief, DuPont directs Butamax to engage in research and development activities related to the subject matter of this action, and controls the manner in which these activities are performed.

## JURISDICTION AND VENUE

8. This action arises under the Declaratory Judgment Act and the patent laws of the United States, including Title 35, United States Code. This court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

9. This court has personal jurisdiction over Butamax because Butamax is Delaware limited liability company and has committed acts within Delaware and this judicial district which give rise to this action, including ongoing research and development activities related to the subject matter of this complaint. Butamax maintains continuous and systematic contacts with the forum such that the exercise of jurisdiction over Butamax would not offend traditional notions of fair play and substantial justice.

10. This court has personal jurisdiction over DuPont because DuPont is incorporated in Delaware and has committed acts within Delaware and this judicial district which give rise to this action, including ongoing research and development activities related to the subject matter of this complaint. DuPont maintains continuous and systematic contacts with the forum such that the exercise of jurisdiction over DuPont would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

## THE PATENT-IN-SUIT

12. On January 24, 2012, United States Patent No. 8,101,808 ("the '808 Patent") entitled "Recovery of Higher Alcohols from Dilute Aqueous Solutions" issued to William A. Evanko, Aharon M. Eyal, David A. Glassner, Fudu Miao, Aristos A. Aristidou, Kent Evans, Patrick R. Gruber, and Andrew C. Hawkins. A true and correct copy of the '808 Patent is attached hereto as Exhibit 1. The entire right, title, and interest to the '808 Patent has been assigned to Gevo. Gevo is the owner and possessor of all rights pertaining to the '808 Patent.

13. On July 2, 2009, United States Patent Publication No. US 2009/0171129 ("the '129 Publication") was published. A true and correct copy of the '129 Publication is attached hereto as Exhibit 2. The application of the '129 Publication issued as the '808 Patent, and the '129 Publication includes claims that are identical or substantially identical to claims of the '808 Patent.

14. On information and belief, Butamax and DuPont had knowledge of the '129 Publication prior to the issuance of the '808 Patent.

15. The '808 Patent and the '129 Publication disclose and claim methods to produce a C3-C6 alcohol—for example, isobutanol—through fermentation and to recover that alcohol from the fermentation medium.

16. On information and belief, Butamax and/or DuPont produce isobutanol through fermentation and, for example, extract the isobutanol by introducing an extractant to the fermentation broth, distilling the mixture to produce an isobutanol vapor, and returning the remaining liquid to the fermentor. Several examples of how this is done are described in U.S. Patent Publication No. 2011/0162954, which, on information and belief, is assigned to Butamax and lists inventors who are affiliated with DuPont.

## COUNT I
### Infringement of the '808 Patent
### Against Butamax and DuPont

17.     Gevo incorporates by reference the allegations set forth in paragraphs 1-16 of this Complaint.

18.     On information and belief, Butamax has directly and/or indirectly infringed, either literally or under the doctrine of equivalents, one or more claims of the '808 Patent by performing and/or directing others to perform the methods described in paragraph 16 without Gevo's authorization.  Gevo believes it will develop further evidence for this allegation after a reasonable opportunity for further investigation and discovery.  On information and belief, Butamax's infringement pursuant to 35 U.S.C. § 271 will continue unless Butamax's conduct is enjoined.

19.     On information and belief, DuPont has directly and/or indirectly infringed, either literally or under the doctrine of equivalents, one or more claims of the '808 Patent by performing and/or directing others to perform the methods described in paragraph 16 without Gevo's authorization.  Gevo believes it will develop further evidence for this allegation after a reasonable opportunity for further investigation and discovery.  On information and belief, DuPont's infringement pursuant to 35 U.S.C. § 271 will continue unless DuPont's conduct is enjoined.

20.     On information and belief, Butamax and/or DuPont's infringing activities have already occurred and will continue unless enjoined by this Court.  Butamax and/or DuPont's infringement of the '808 Patent causes harm to Gevo.  Thus, a real and substantial controversy exists between Gevo, on one hand, and Butamax and DuPont on the other.

21.     As a result of Butamax's and/or DuPont's infringement of the '808 Patent, Gevo

- 5 -

has suffered irreparable harm for which Gevo has no adequate remedy at law.

## COUNT II
### Infringement of Gevo's Provisional Rights in the '808 Patent
### Against Butamax and DuPont

22. Gevo incorporates by reference the allegations set forth in paragraphs 1-21 of this Complaint.

23. On information and belief, pursuant to 35 U.S.C. § 154(d), Butamax has directly and/or indirectly infringed, either literally or under the doctrine of equivalents, Gevo's provisional patent rights in one or more of the claims of the '808 Patent by performing and/or directing others to perform the methods described in paragraph 16 without Gevo's authorization. Gevo believes it will develop further evidence for this allegation after a reasonable opportunity for further investigation and discovery.

24. On information and belief, pursuant to 35 U.S.C. § 154(d), DuPont has directly and/or indirectly infringed, either literally or under the doctrine of equivalents, Gevo's provisional patent rights in one or more of the claims of the '808 Patent by performing and/or directing others to perform the methods described in paragraph 16 without Gevo's authorization. Gevo believes it will develop further evidence for this allegation after a reasonable opportunity for further investigation and discovery.

25. Butamax and/or DuPont's infringement of Gevo's provisional rights in the claims of the '808 Patent harmed Gevo. Thus, a real and substantial controversy exists between Gevo, on one hand, and Butamax and DuPont on the other.

26. As a result of Butamax's and/or DuPont's infringement of Gevo's provisional rights in the claims of the '808 Patent, Gevo is entitled to recover a reasonable royalty pursuant to 35 U.S.C. § 154(d)(1).

**PRAYER FOR RELIEF**

WHEREFORE, Gevo respectfully requests the following relief:

a) That judgment be entered declaring that Butamax and/or DuPont has/have infringed one or more claims of the '808 Patent, and Gevo's provisional rights in those claims, by manufacturing isobutanol through fermentation and extracting that isobutanol using methods described and claimed in the '808 Patent and/or by importing isobutanol that has been manufactured in that manner.

b) That judgment be entered declaring that Butamax and/or DuPont have induced others to infringe one or more of the claims of the '808 Patent, and Gevo's provisional rights in those claims, by without Gevo's authorization assisting, abetting, and encouraging others to manufacture isobutanol through fermentation and extract that isobutanol using methods described and claimed in the '808 Patent and/or to import isobutanol that has been manufactured in that manner, and that Butamax and/or DuPont's inducement of others to infringe are acts of infringement of one or more claims of the '808 Patent.

c) That this Court adjudge and decree that Butamax and/or DuPont have been and are currently infringing the '808 Patent.

d) That this Court adjudge and decree that Butamax and/or DuPont infringed Gevo's provisional rights in the claims of the '808 Patent.

e) That this Court adjudge and decree that Butamax and/or DuPont have been and are currently inducing others to infringe the '808 Patent.

f) That this Court adjudge and decree that Butamax and/or DuPont have induced others to infringe Gevo's provisional rights in the claims of the '808 Patent.

g) That this Court enter an order that Butamax and/or DuPont and its officers,

- 7 -

agents, servants, employees, successors and assigns, and those persons acting in concert with them, be preliminarily and permanently enjoined from infringing the '808 Patent.

  h) That this Court enter an order that DuPont and its officers, agents, servants, employees, successors and assigns, and those persons acting in concert with them, be preliminarily and permanently enjoined from inducing others to infringe the '808 Patent.

  i) That this Court award damages to Gevo to compensate it for each of the unlawful actions set forth in the Complaint.

  j) That this Court award interest on such damages to Gevo.

  k) That this Court determine that this patent infringement case is exceptional and award Gevo its expenses including its attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285.

  l) That interests, costs and expenses be awarded in favor Gevo.

  m) That this Court order such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Gevo respectfully requests a trial by jury on all issues triable thereby.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Thomas C. Grimm*
          Thomas C. Grimm (#1098)
          Jeremy A. Tigan (#5239)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE  19899-1347
          (302) 658-9200
          tgrimm@mnat.com
          jtigan@mnat.com
           *Attorneys for Plaintiff Gevo, Inc.*

OF COUNSEL:

James P. Brogan
Wayne O. Stacy
Orion Armon
Ann Marie Byers
Carolyn Juarez
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
(720) 566-4000

Michelle S. Rhyu
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

January 24, 2012
4999499