**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GEVO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  12-70-SLR |
| | ) | |
| BUTAMAX(TM) ADVANCED BIOFUELS | ) | **JURY TRIAL DEMANDED** |
| LLC, and E. I. DU PONT DE NEMOURS AND | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

In response to Plaintiff Gevo, Inc.'s ("Gevo") Complaint, Defendants Butamax™ Advanced Biofuels LLC ("Butamax") and E. I. du Pont de Nemours and Company ("DuPont") (collectively, "Defendants") admit, deny, and aver as follows:

## THE PARTIES

1.    Admitted.

2.    Defendants admit that Butamax is a limited liability corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Wilmington, Delaware.  Defendants further admit that Butamax is a joint venture of DuPont and BP Biofuels North America LLC, which is an indirect subsidiary of BP p.l.c.  Defendants otherwise deny the allegations set forth in paragraph 2.

3.    Admitted.

4.    Defendants admit that Butamax was formed in July 2009.  Defendants otherwise deny the allegations set forth in paragraph 4.

5.      Defendants admit that individuals employed by DuPont engage in research and development relating to the production of isobutanol.  Defendants otherwise deny the allegations set forth in paragraph 5.

6.      Defendants admit that Butamax engages in research and development relating to the production of isobutanol.  Butamax headquarters are located in the DuPont Experimental Station.  Defendants otherwise deny the allegations set forth in paragraph 6.

7.      Denied.

## JURISDICTION AND VENUE

8.      The allegations in paragraph 8 contain legal conclusions and do not require a response.  To the degree a response is required, Defendants deny the allegations set forth in paragraph 8.

9.      Defendants admit that Butamax is a limited liability company organized and existing under the laws of Delaware.  The remaining portions of paragraph 9 are legal conclusions that do not require a response.  To the degree a response is required, Defendants deny the allegations set forth in paragraph 9.

10.     Defendants admit that DuPont is incorporated under the laws of Delaware.  The remaining portions of paragraph 10 are legal conclusions that do not require a response.  To the degree a response is required, Defendants deny the allegations set forth in paragraph 10.

11.     The allegations in paragraph 11 are legal conclusions that do not require a response.  To the degree a response is required, Defendants deny the allegations set forth in paragraph 11.

### THE PATENT-IN-SUIT

12.    Defendants admit that the face of the '808 patent recites the bibliographic information contained in paragraph 12.  Defendants admit that Substitute Exhibit 1  (D.I. 4) is a copy of the '808 patent.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12.

13.    Defendants admit that the '129 publication on its face purports to be a publication of U.S. Patent Application No. 12/342,992, and that the '808 patent on its face purports to have been granted from U.S. Patent Application No. 12/342,992.  Defendants admit that Exhibit 2  is a copy of the '129 publication, and that the '129 publication lists a publication date of July 2, 2009 on its face.  Defendants further admit that the language of claims 1-156 of the '808 patent appears to be the same as the language of claims 1-156 of the '129 publication.  Defendants otherwise deny the allegations set forth in paragraph 13.

14.    Defendants admit that they had knowledge of the '129 publication prior to the issuance of the '808 patent, but deny that they had actual notice of potential infringement of potentially patentable subject matter contained therein.

15.    Defendants admit that the '808 patent and the '129 publication include the language "This invention is directed to methods for recovery of C3-C6 alcohols from dilute aqueous solutions, such as fermentation broths."  The remaining portions of paragraph 15 are legal conclusions that do not require a response.   To the degree a response is required, Defendants deny the allegations set forth in paragraph 15.

16.    Defendants admit that they have made isobutanol through fermentation and have recovered isobutanol, on a non-commercial scale.  Defendants further admit that U.S. Patent

Publication No. 2011/0162954 is assigned to Butamax and that the named inventors are affiliated with DuPont.  Defendants otherwise deny the allegations set forth in paragraph 16.

## COUNT I
### Infringement of the '808 Patent Against Butamax and DuPont

17.    Defendants incorporate by reference the answers set forth in paragraphs 1-16, above.  Defendants deny all allegations of infringement.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

## COUNT II
### Infringement of Gevo's Provisional Rights in the '808 Patent Against Butamax and DuPont

22.    Defendants incorporate by reference the answers set forth in paragraphs 1-21, above.  Defendants deny all allegations of infringement.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

## PRAYER FOR RELIEF

This section constitutes a request for relief to which no response is required.  To the extent that this section may be deemed to allege any facts or factual or legal entitlements to the relief requested, Defendants deny all such allegations.  Defendants deny that Gevo is entitled to any of the requested relief.

## DEMAND FOR JURY TRIAL

Defendants join Gevo's request for a jury trial on all issues triable by jury.

## GENERAL DENIAL

Defendants deny all allegations in Gevo's Complaint not expressly admitted.

## DEFENSES

### I.    Failure to State a Claim

The allegations of Gevo's counterclaims fail to state a claim upon which relief can be granted and should be dismissed under Fed. R. Civ. P. 12(b)(6).

### II.    Butamax Does Not Infringe the '808 Patent

Butamax does not directly infringe (literally or under the doctrine of equivalents), contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '808 patent.

### III.    DuPont Does Not Infringe the '808 Patent

DuPont does not directly infringe (literally or under the doctrine of equivalents), contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '808 patent.

### IV.    Butamax Has Not Infringed Gevo's Provisional Rights in the '808 Patent

Butamax has not directly infringed (literally or under the doctrine of equivalents), contributorily infringed, or induced infringement of Gevo's provisional rights in any valid and enforceable claim of the '808 patent.

### V.   DuPont Does Not Infringe Gevo's Provisional Rights in the '808 Patent

DuPont has not directly infringed (literally or under the doctrine of equivalents), contributorily infringed, or induced infringement of Gevo's provisional rights in any valid and enforceable claim of the '808 patent.

### VI.   The '808 Patent Is Invalid

The '808 patent is invalid for failure to satisfy one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. 101, 102, 103, 112, 116, and/or 282, or under judicially created doctrines of invalidity or unenforceability.

### VII.   Limitation on Damages

Gevo's claims for monetary relief are limited by 35 U.S.C. 287.  Gevo is not entitled to damages under 35 U.S.C. 154(d).

### VIII.   Injunctive Relief

Gevo is not entitled to injunctive relief because any injury to Gevo is not immediate or irreparable, Gevo has an adequate remedy at law, and the balance of equities does not favor Gevo.

OF COUNSEL:                                    POTTER ANDERSON & CORROON LLP

Leora Ben-Ami
Christopher T. Jagoe                           By:   _/s/ David E. Moore_____
Hank Heckel                                           Richard L. Horwitz (#2246)
KAYE SCHOLER LLP                                      David E. Moore (#3983)
425 Park Avenue                                       Hercules Plaza, 6th Floor
New York, NY  10022                                   1313 N. Market Street
Tel: (212) 836-8000                                   Wilmington, DE  19801
                                                      Tel:  (302) 984-6000
*Attorneys for Defendant*                             rhorwitz@potteranderson.com
*Butamax<sup>TM</sup> Advanced Biofuels LLC*          dmoore@potteranderson.com

Dated:  March 9, 2012                          *Attorneys for Defendants Butamax™*
1050561 / 36429                                *Advanced Biofuels LLC and*
                                               *E. I. du Pont de Nemours and Company*

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 9, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on March 9, 2012, the attached document was electronically mailed to the following person(s)

Thomas Grimm
Jeremy A. Tigan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
tgrimm@mnat.com
jtigan@mnat.com

James P. Brogan
Wayne O. Stacy
Orion Armon
Ann Marie Byers
Carolyn V. Juarez
Cooley LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021
jbrogan@cooley.com
wstacy@cooley.com
oarmon@cooley.com
abyers@cooley.com
cjuarez@cooley.com
zGevoButamaxLitigation@cooley.com

Michelle S. Rhyu
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
mrhyu@cooley.com

By:   */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

1050565 / 36429 (12-70)